### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Steven Lessard

    v.                              Case No. 21-cv-1074-JL

Lowell MA Police
Department, et al.

### Report and Recommendation

Steven Lessard, who is incarcerated and is proceeding pro se, brought claims in New Hampshire state court against the Lowell Police Department, several of its officers, and two Task Force Officers with the United States Drug Enforcement Agency ("DEA"), that arose from the circumstances of Lessard's arrest. The DEA defendants removed the action to this court. The United States moved to substitute itself for the DEA agents and moved to dismiss the claims brought against it. The motion to substitute was granted. Doc. no. 12. A report and recommendation, which recommended granting the motion to dismiss, issued. Doc. no. 13.

The United States then filed a notice that the grounds cited for dismissal in the report and recommendation, failure to state a claim under Bivens v. Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971), did not apply after the United States was substituted for the individual federal agents. Instead, as was also argued in the motion to dismiss, the Federal Tort Claims Act ("FTCA") was the

appropriate cause of action for Lessard's claims against the
United States.[1]  The United States reiterated that the claims
under the FTCA should be dismissed.

The United States is correct that the FTCA applies to
Lessard's claims in this case.  See 28 U.S.C. §§ 2679(b)(1) &
1346(b)(1); Abreu v. United States, 468 F.3d 20, 23 (1st Cir.
2006).  Therefore, the report and recommendation issued on July
26, 2022, (doc. no. 13) is vacated.  This report and
recommendation is substituted for the vacated report and
recommendation.

## Background

DEA agents investigated a drug-trafficking organization in
the Merrimack Valley region of New Hampshire and Massachusetts,
beginning in March of 2017.  United States v. Lessard, 35 F.4th
37, 40 (1st Cir. 2022).  Based on the results of the
investigation, a search warrant issued for Lessard's apartment
in March of 2018.  Id.  Lessard alleges that the Lowell police
officers and the two DEA officers who executed the search
warrant entered his home while he was sleeping.  Doc. 1-1, at 7.
He further alleges that the Lowell police officers assaulted him
in the process of handcuffing him, dragged him, and beat him.

---

[1] 28 U.S.C. § 2680(h) allows claims under the FTCA against
the United States for assault and battery committed by
investigative or law enforcement officers.  Millbrook v. United
States, 569 U.S. 50, 52-53 (2013).

He alleges that the Lowell officers choked him and threw him into a police van.

## Discussion

Under the FTCA, the sovereign immunity of the United States is waived for injuries caused by the wrongful act of a government employee under a comparable cause of action recognized in the jurisdiction where the tort occurred, subject to certain limitations. Abreu, 468 F.3d at 23. One limitation, known as the exhaustion requirement, is that the tort claim must be presented to the federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b); see United States v. Wong, 575 U.S. 402, 412 (2015) (time for exhaustion is not jurisdictional). Failure to exhaust a claim bars relief under the FTCA. Morales-Melecio v. United States, 890 F.3d 361, 371 (1st Cir. 2018); Holloway v. United States, 8445 F.3d 487, 489 (1st Cir. 2017).

The United States moves to dismiss, and/or for summary judgment, on the ground that Lessard did not exhaust his claims that the federal agents committed torts against him in the course of executing the search warrant at his apartment. The DEA agents participated in the search of Lessard's apartment in March of 2018. The United States demonstrates that Lessard has

not presented a claim against the federal agents to the DEA. Doc. 4-2.[2]

Lessard did not respond to the United States' motion, although he was granted additional time to do so.  The United States asserts that based on the undisputed record in the case Lessard was aware of the events during the search of his apartment in March 2018 and when those events were challenged in the course of his criminal defense in January of 2019.  For that reason, the United States demonstrates that the time for exhaustion accrued at least by January of 2019 and the two years have now passed.

Therefore, based on the undisputed facts presented here, Lessard did not exhaust his claims against the United States within two years of the accrual of his claims against the federal agents.  For that reason, Lessard's claims against the United States in this case should be dismissed.

### Conclusion

For the foregoing reasons, the prior report and recommendation (document no. 13) is vacated and this report and recommendation is substituted.  The district court judge should

---

[2] Because the United States moves both to dismiss and for summary judgment, it is appropriate to consider the affidavit appended to the motion.  See Fed. R. Civ. P. 56(a) & (c).

grant the defendants' motion (document no. 4) to dismiss all claims against the United States.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 9, 2022

cc:  Steven Lessard, pro se.
     Counsel of record.